UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

QUINTON JAMAL DANIELS,

        Plaintiff,                      Case No. 2:20-cv-232

v.                                          Honorable Janet T. Neff

UNKNOWN PARTY #1,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Unknown Party # 1 whom he identifies as "RN Jim."

Plaintiff alleges that on August 5, 2020, during morning rounds, Defendant did not give him the prescribed pain medicine that Plaintiff takes for shoulder pain. (Compl., ECF No. 1, PageID 3.) Plaintiff had to wait eleven or twelve hours to get his pain medicine during the evening rounds. *Id.* Plaintiff alleges that he was at his "bars" and that he called Defendant, but Defendant passed him and did not give Plaintiff his medicine. *Id.* Plaintiff suffered pain all day as he waited for his medicine. *Id.*

Plaintiff seeks money damages.

**II.     Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff alleges that Defendant deliberately failed to dispense his morning dose of pain medicine and as a result, Plaintiff was in pain for eleven or twelve hours, until he received his evening dose of pain medicine.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective

3

component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 466, 451 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, that "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or

4

with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

Even if Plaintiff's allegation that Defendant ignored him and walked by his cell without dispensing Plaintiff's pain medicine is sufficient to satisfy the subjective component of an Eighth Amendment claim,[1] Plaintiff's allegation that he missed one of two doses of pain medicine on a single occasion is insufficient to satisfy the objective component.

Plaintiff's entire Complaint is based on a single day he did not receive one of two doses of pain medicine. Although not ideal, courts have held that an occasional missed dose of medicine does not rise to the level of a constitutional violation. *See Stone v. Cheboygan Cnty.*, No. 00-CV-10404-BC, 2002 WL 507504, at *5 (E.D. Mich. Apr. 4, 2002) (concluding that "[a]n occasional missed dose [of medicine], and missed scheduled, non-emergency medical appointments, do not pose a 'substantial risk of serious harm'" sufficient to satisfy the objective component of an Eighth Amendment claim); *see also Zentmeyer v. Kendall Cnty.*, 220 F.3d 805, 812 (7th Cir. 2000) (the occasional missed dose of medicine, without more, does not violate the Eighth Amendment); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987) (inmate with heart condition

---

[1] This proposition is by no means certain. Plaintiff's factual allegations suggest that Defendant deliberately failed to dispense Plaintiff's pain medicine. Nevertheless, because Plaintiff has not demonstrated that Defendant's failure to dispense his pain medication posed a "substantial risk of serious harm," Defendant cannot have been subjectively "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" nor would Defendant have reason to draw such an inference. *Farmer,* 511 U.S. at 837. Thus, while Defendant may have purposely failed to dispense Plaintiff's pain medicine, this alone would not satisfy the subjective component of an Eighth Amendment violation.

5

missed a morning dose of medication; no showing that this was an instance of callous disregard in the face of a pressing medical emergency), *Mayweather v. Fote*, 958 F.2d 91, 91 (5th Cir. 1992) (occasionally missed doses of medicine "fall far short" of establishing deliberate indifference); *Stockwell v. Kanan*, 442 F. App'x 911, 914 (5th Cir. 2011) (same); *Herndon v. Whitworth,* 924 F. Supp. 1171 (N.D. Ga. 1995) (occasional missed doses of medication do not implicate the Constitution).

Moreover, Plaintiff's general allegation that he was in pain for eleven or twelve hours until he got his evening dose of pain medicine by itself does not establish that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. While no doubt uncomfortable, there are no facts to suggest that the delay Plaintiff encountered before he received his pain medicine resulted in any permanent damage or had a detrimental effect beyond the relatively brief period in which he was in pain. *See Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003) (concluding on initial review that plaintiff failed to state an Eighth Amendment claim were he did "not allege or show that he suffered any detrimental effect from the delay in treatment" and "[t]he fact that [plaintiff] suffered some discomfort before he received the pain medication . . . is not sufficient to state an Eighth Amendment claim.") There also are no facts to suggest that Plaintiff's pain did not resolve once he received his evening dose of pain medicine.

For these reasons, Plaintiff has failed to state an Eighth Amendment claim and the Complaint is properly dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide

whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: December 11, 2020 /s/ Janet T. Neff
Janet T. Neff
United States District Judge